UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TRENITTA JOHNSON MITCHELL**           **CIVIL ACTION**

**VERSUS**                               **NO. 13-534**

**LEIGH ANN BEARD, ET AL.**              **SECTION "E" (3)**

**REPORT AND RECOMMENDATION**

On April 9, 2013, *pro se* plaintiff Trenitta Johnson Mitchell's Application for Appointment of Attorney Pursuant to 42 U.S.C. 2000e-5(f)(1) [Doc. #5] came on for oral hearing by telephone before the undersigned. Present was Trenitta Johnson Mitchell. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion and the case law, the Court rules as follows.

**I.    Background**

*Pro se* plaintiff, Trenitta Johnson Mitchell, filed this complaint against her employers Dr. Leigh Ann Beard and St. John the Baptist School Board. Mitchell alleges that defendants subjected her to harassment, intimidation, reprimands, suspension, assignments outside of her job duties, re-assignments and a hostile work environment because of her race, her sex and her pregnancy in retaliation for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

**II.   Law and Analysis**

The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which

provides that the "court may request an attorney to represent any person unable to afford counsel." Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977). Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La. Oct. 17, 2002) (Wilkinson, M. J.). Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

The evidence which must be adduced includes

(1) plaintiff's indigence and
(2) efforts made to secure counsel; however these are bare minimum *threshold* considerations.

Additionally, the Court should consider the following factors:

(a) the type and complexity of the case;
(b) whether the indigent is capable of presenting his case adequately;
(c) whether he is in a position to investigate his case adequately; and
(d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213. The Court also considers whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

Plaintiff earns approximately $23,000.00 per year at her receptionist position that she has held since October 2008 at the St. John the Baptist Parish School Board (the "School Board"). Plaintiff continues to work at the School Board. Plaintiff supports four children. Plaintiff has a high-school diploma and a Bachelor of Science in business management from the University of New Orleans that she received in August 2006. Since then, plaintiff has earned two Masters of Business Administration from Jones International University on-line. Clearly, plaintiff is a well-educated individual.

Plaintiff is a member of a union, who initially filed grievances on her behalf. Since then, however, the union has refused to continue to represent her. At the telephone hearing, plaintiff noted that she consulted with one attorney in January 2013 and with one attorney during the process at the Equal Employment Opportunity Commission ("EEOC"). According to plaintiff, the second attorney informed her that he believed that her case had merit. Neither attorney represents her at this stage. The Court finds that plaintiff should make further efforts to secure counsel and is thus not convinced that plaintiff's situation justifies the special benefit of having counsel appointed to represent her.

At the telephone hearing, plaintiff eloquently and succinctly detailed the underlying facts of her lawsuit and the alleged discrimination that she has suffered at the hands of her co-workers. It also appears that plaintiff adequately represented herself before the EEOC, and she filed an eight-page complaint in this Court in which she again detailed the alleged discrimination that she has

suffered. This is a fairly standard Title VII lawsuit, and the Court finds that – should the case proceed to trial – plaintiff will be capable of adequately representing herself. Evidence will consist mainly of straightforward factual testimony of witnesses, and the use of experts appears unlikely. The Court finds that because this case is not complex, this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the Court with the presentation or the sharpening of the issues.

The Court recognizes that every litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, she will have particular difficulty in investigating and presenting her case such that her situation justifies the special benefit of having counsel appointed to represent her. The Court finds that plaintiff has not met that burden here.

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the plaintiff's Application for Appointment of Attorney Pursuant to 42 U.S.C. 2000e-5(f)(1) [Doc. #5] is DENIED.

**OBJECTIONS**

Plaintiff may file objections to the undersigned magistrate judge's findings. However, any such objections must be filed within fourteen (14) days of the date that this order is entered, excluding weekends and holidays. Plaintiff's objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). Plaintiff's failure to object will bar him from: (1) entitlement to *de*

*novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 3rd day of May, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**